IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, | § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | CIVIL ACTION NO. 2:22-CV-00263-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., ET AL., | | |
| *Defendants*. | | |

## REPORT AND RECOMMENDATION

Before the Court, defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") move to dismiss for failure to state a claim. Dkt. No. 39. For the following reasons, the motion should be **DENIED**.

Plaintiff AGIS Software Development, LLC filed suit against Samsung alleging infringement of US Patent Nos. 8,213,970 (" '970 patent"); 9,467,838 (" '838 patent"); 9,749,829 (" '829 patent"); and 9,820,123 (" '123 patent"). The '970 patent is generally directed to communication networks for forced message alert. *Id.* (Abstract). The remaining patents are continuations claiming priority to the same parent, share the same specification, and are generally directed to ad hoc communication networks. Compare '123 patent (Related U.S. Application Data), with '838 patent and '829 patent; '123 patent (Abstract).

Samsung previously moved to dismiss for failure to state a claim. Dkt. No. 22. AGIS subsequently filed an amended complaint, which accuses Samsung of the

> … manufacture, use, sell, offer for sale, and/or import into the United States the Samsung Tactical, TAK, ATAK, and CivTAK, applications, products, and solutions, which also include related servers and services for supporting Samsung Tactical, TAK, ATAK, and CivTAK and Samsung Knox (collectively, the "Accused Products"). Further, Defendants manufacture, use, sell, offer for sale,

1

> and/or import into the United States electronic devices, all of which are configured and/or adapted with certain map-based communication applications, products, and solutions such as Samsung Tactical, TAK, ATAK, and CivTAK and Samsung Knox …

Dkt. No. 29 ¶ 16. The complaint proceeds to list many Samsung mobile devices. *Id.* The application "TAK" refers to "Team Awareness Kit," a suite of cellular applications. Samsung reurged its motion to dismiss, Dkt. No. 39[1], which is fully briefed, Dkt. Nos. 42 (response), 43 (reply), and 45 (sur-reply). Additionally, a hearing on the motion was held Thursday March 30, 2023. Dkt. No. 50. During the hearing, AGIS clarified that the amended complaint should be read as accusing only those Samsung mobile devices loaded with Samsung Tactical, TAK, ATAK, CivTAK and Samsung Knox.

Samsung's motion to dismiss includes two parts. In the first, Samsung seeks dismissal of AGIS's allegation related to a suite of cellular applications collectively known as "Team Awareness Kit" ("TAK") pursuant to 28 U.S.C. § 1498(a). Broadly speaking, § 1498(a) is an affirmative defense for government contractors whose product "is used or manufactured by or for the United States." See *Manville Sales Corp. v. Paramount Sys. Inc.*, 917 F.2d 544, 554 (Fed. Cir. 1990) (§ 1498(a) establishes an affirmative defense, not a jurisdictional bar). Under § 1498(a), the accused infringer bears the burden of establishing that the infringing use is "for the Government" and "with authorization and consent of the Government." *Sevenson Envt'l Servs., Inc. v. Shaw Envt'l, Inc.*, 477 F.3d 1361, 1365 (Fed. Cir. 2007).

---

[1] In light of the amended complaint and the reurging of the motion to dismiss, Samsung's first motion to dismiss, **Dkt. No. 22**, should be **DENIED AS MOOT**. See *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)).

Samsung argues that the complaint demonstrates that TAK was originally developed by the Air Force, has been approved for public use by Department of Defense standards, and is a Government-off-the-Shelf ("GOTS") software application. Dkt. No. 39 p 8-10. Samsung then seeks judicial notice of Department of Defense policy for public use and the government's definition of GOTS as a product developed and used by the government. *Id.* AGIS argues that whether the Air Force originally developed TAK is immaterial because new iterations of TAK are now developed by a private company, PAR Government. AGIS further argues that the civilian versions of TAK are not "for the Government" or "with authorization and consent of the Government." This creates a dispute of facts, which at the pleadings phase, especially concerning an affirmative defense, must favor the plaintiff.

In the second part of Samsung's motion to dismiss, Samsung argues that AGIS has engaged in impermissible claim splitting in light of a previously filed case between the parties alleging infringement of two of the patents in suit against a nearly identical list of Samsung mobile devices. See Compare Dkt. No. 29 ¶ 16 with *AGIS Software Development LLC v. Samsung Electronics Co. Ltd, et al.*, Civil Action No. 2:19-cv-00362 ("*AGIS I*"), Dkt. No. 1 ¶ 15. However, as AGIS made clear during the hearing, the instant action does not accuse mobile devices merely capable of running "TAK" or related programs but rather mobile devices on which "TAK" or related programs has been loaded. In other words, infringement requires both the phone and the application in order to infringe.

For these reasons, it is the recommendation of the undersigned that Samsung's motion to dismiss, Dkt. No. 39, be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by

the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 8th day of April, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE