IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00263-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., ET AL., | § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM ORDER

Before the Court, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") move to stay the above captioned case pending resolution of an International Trade Commission Investigation. **Dkt. No. 40.** For the following reasons, the motion is **DENIED**.

### I.  BACKGROUND

Plaintiff AGIS Software Development, LLC filed suit against Samsung alleging infringement of US Patent Nos. 8,213,970 ("the '970 patent"); 9,467,838 ("the '838 patent"); 9,749,829 ("the '829 patent"); and 9,820,123 ("the '123 patent") (collectively "the Asserted Patents"). The '970 patent is generally directed to communication networks for forced message alerts. *Id.* (Abstract). The remaining patents are continuations claiming priority to the same parent, sharing the same specification, and generally directed to ad hoc communication networks. Compare '123 patent (Related U.S. Application Data), with '838 patent and '829 patent; '123 patent (Abstract).

AGIS subsequently filed an amended complaint, which accuses Samsung of the

> … manufacture, use, sell, offer for sale, and/or import into the United States the Samsung Tactical, TAK, ATAK, and CivTAK, applications, products, and solutions, which also include related servers and services for supporting Samsung Tactical, TAK, ATAK, and CivTAK and Samsung Knox (collectively, the "Accused Products"). Further, Defendants manufacture, use, sell, offer for sale, and/or import into the United States electronic devices, all of which are configured and/or adapted with certain map-based communication applications, products, and solutions such as Samsung Tactical, TAK, ATAK, and CivTAK and Samsung Knox …

Dkt. No. 29 ¶ 16. The complaint proceeds to list many Samsung mobile devices. *Id.* AGIS's Second Amended Complaint maintains the same assertions. Dkt. No. 69.

Relevant to this Motion, the parties are engaged in a separate dispute involving the Asserted Patents. *See AGIS Software Development LLC v. Samsung Electronics Co., LTD et al*, Case No. 5:22-cv-04825 (NDCA) (hereinafter "*AGIS I*"). Additionally, the basis for this Motion is that AGIS filed an ITC action alleging infringement of the Asserted Patents and naming Samsung as a respondent. Motion at 4; Response at 10 ("AGIS does not dispute that Samsung is a respondent in the ITC Proceeding"); *see Certain Location-Sharing Systems, Related Software, Components Thereof, and Products Containing the Same*, Inv. No. 337-TA-3655 (Nov. 16, 2022) (hereinafter "the ITC Investigation").

Samsung's Motion is fully briefed, Dkt. Nos. 41 ("Response"), 44 ("Reply"), and 46 ("Sur-reply"). Additionally, a hearing on the Motion was held March 30, 2023. Dkt. No. 50.

## II.   LEGAL STANDARD

"In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court chall stay . . . the civil action with respect to any claim that involves *the same issues* involved in the proceeding before the Commission . . ." 28 U.S.C. § 1659(a) (emphasis added).

The same issues includes "questions of validity, infringement, and any defenses that might be raised in both proceedings." *Saxon Innovations, LLC v. Palm, Inc.*, 2009 WL 3755041 at *1 (E.D. Tex. Nov. 4, 2009) (Love, J.) (citing H.R. REP. NO. 103–826(I) at 141). Further, the same issues arise where the result is "identical parallel claims." *Id.* (citing *SanDisk Corp. v. Phison Elec. Corp.*, 538 F.Supp.2d 1060, 1065 (W.D. Wisc. 2008)); *In re Princo Corp.*, 486 F.3d 1365, 1368 (Fed. Cir. 2007) ("The purpose of § 1659(a) was to prevent infringement proceedings from occurring "in two forums at the same time . . . In the case of § 1659, the purpose of the statute is to avoid duplicative proceedings.").

Absent a cause for a mandatory stay, "[t]he district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings . . ."). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

In deciding whether to stay litigation pending reexamination, this Court considers: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00359-JRG, 2021 WL 465424, at *2 (E.D. Tex. Feb. 9, 2021) (citing *Soverain*, 356 F. Supp. 2d at 662).

### III.     ANALYSIS

Samsung's Motion asserts two bases for relief: a mandatory stay pursuant to § 1659(a) or a discretionary stay.

### A. A stay is not mandatory pursuant to § 1659(a) as the actions do not involve the same issues.

The parties have narrowed their dispute as to the appropriateness of a mandatory stay to one point of the analysis: whether the ITC Investigation involves the same issues as the instant case. Motion at 4; Response at 10. Samsung asserts that the issues are the same since both actions involve the same four patents and the same products. Motion at 4. Samsung further contends, and argued at hearing, that the scope of the ITC Investigation, while not explicitly delineating the accused applications in this case, encompasses AGIS's claims through exemplary claim charts. Motion at 8-9; Reply at 5. AGIS responds that the same issues are not present since the ITC Investigation is focused on Google applications not accused in this action and involves an additional patent. Response at 5-6, 9-11.

The Court finds that the two actions do not involve the same issues. As indicated by precedent, the key consideration is whether the ITC Investigation will involve duplicative proceedings of identical parallel claims. *See Saxon*, 2009 WL 3755041 at *1; *see also In re Princo Corp.*, 486 F.3d at 1368. It is undisputed that the *AGIS I* and the ITC Investigation involve Google applications not accused in the instant case. Rather, the remaining question is whether the charts filed in the ITC Investigation encompass the features accused in this action. The Court is unpersuaded by the briefing and argument at the hearing that the case before this Court involves identical claims as the ITC Investigation due to exemplary charting alone. Further, the parties agree that the *AGIS I* case was stayed due to similarity in issues with the ITC Investigation, further

supporting that the current case involves distinct issues from the other asserted actions. Therefore, lacking the same issues between the two actions, a mandatory stay pursuant to § 1659(a) is not required.

### B. A discretionary stay is not necessary for an ITC action on different issues.

First, since the ITC Investigation and this case involve different issues, the risk of prejudice in delaying Plaintiff's action weighs against a discretionary stay. Second, while the ITC Investigation could involve similar facts as the instant case, it is unlikely that the results of the investigation will simplify the work before the Court due to difference in issues. Finally, fact discovery will complete on October 12, 2023, and trial has been set for March 4, 2024. *See* Dkt. No. 66. Given that claim construction and the fact discovery deadlines are imminent, the final factor weighs against a stay. Therefore, a discretionary stay is not supported by the factors and is denied.

### IV.  CONCLUSION

For these reasons, Defendants Motion to Stay is **DENIED.**

**SIGNED this 21st day of August, 2023.**

ROY S. PAYNE  
UNITED STATES MAGISTRATE JUDGE