# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, | § § § | Case No. 2:22-cv-00263-JRG |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| Defendants. | § § § | |

**PLAINTIFF AGIS SOFTWARE DEVELOPMENT LLC'S
OPPOSED MOTION FOR LEAVE TO REQUEST
SUPPLEMENTAL CLAIM CONSTRUCTION**

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*EnerPol, LLC v. Schlumberger Tech. Corp.*,
  No. 2:17-cv-00394-JRG, Dkt. No. 99 (E.D. Tex. Jan. 31, 2018) ..........................................2, 3

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
  521 F.3d 1351 (Fed. Cir 2008)......................................................................................................2

*S&W Enters., L.L.C. v. S, Tr. Bank of Ala., NA*,
  315 F.3d 533 (5th Cir. 2003) ........................................................................................................2

**I.      INTRODUCTION**

Plaintiff AGIS Software Development LLC ("AGIS" or "Plaintiff") respectfully moves this Court for leave for supplemental claim construction addressing the term "remote control" of U.S. Patent No. 9,749,829 (the "'829 Patent"). Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc.'s ("SEA") (collectively, "Samsung" or "Defendants") oppose this request.

Counsel for Defendants also represent third-party Google LLC ("Google") in the instant action and in *AGIS Software Dev. LLC v. Google LLC*, Case No. 5:22-cv-04826-BLF (N.D. Cal.) (the "NDCA action"), where they requested and received supplemental proceedings on the claim term "remote control" of the '829 Patent.[1] *See* Exhibit A. The NDCA court has set a hearing date for this claim term on May 10, 2024. *Id*.

On Friday, December 15, 2023, counsel for AGIS and Defendants exchanged proposed constructions for the term "remote control" confirming the claim construction dispute. *See* Exhibits B, C. The dispute comprises at least whether to introduce a negative limitation to exclude the action of causing another device to report location from the scope of remote-control actions. *Id*.

Regarding scheduling, AGIS proposes the following deadlines: (1) Plaintiff's ten-page supplemental opening brief due within a week of the Court's order granting leave, (2) Defendants' ten-page responsive brief due 14 days after service of Plaintiff's opening brief, and (3) Plaintiff's five-page reply brief due seven days after service of Defendants' responsive brief.

Plaintiff submits that good cause exists to grant leave for supplemental claim construction on the term "remote control" of the '829 Patent.

---

[1] The NDCA further ordered supplemental claim construction proceedings on the construction word "participant" within the agreed construction of the term "group" of the '829 Patent. This Court has already addressed this term in its November 27, 2023 Claim Construction Order. Dkt. 156.

## II. LEGAL STANDARDS

The Court considers four factors in determining whether good cause is shown: (1) the reason for the delay and whether the party has been diligent, (2) the importance of what the Court is excluding, (3) the danger of unfair prejudice, and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings. *S&W Enters., L.L.C. v. S, Tr. Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

"When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir 2008)). "If the Court fails to adjudicate the Parties' dispute regarding the proper scope of [a claim term], the Parties would ultimately be required to present these arguments to the jury. In this case . . . months before [expert discovery and] trial, the Court is in the best position to determine the proper construction of this claim term." *EnerPol, LLC v. Schlumberger Tech. Corp.*, No. 2:17-cv-00394-JRG, Dkt. No. 99, at *6 (E.D. Tex. Jan. 31, 2018) (citations omitted).

## III. DISCUSSION

The good cause factors weigh in favor of granting Plaintiff AGIS's motion for leave. First, AGIS has been diligent in identifying a real dispute for resolution, and there has been no delay in seeking leave. After receiving the NDCA court's November 27, 2023 scheduling order, AGIS promptly sought Defendants' position in requesting similar proceedings before this Court. *See* Exhibit D. Then, AGIS promptly filed this Motion the next business day after confirming the parties' dispute on Friday, December 15, 2023, when counsel for AGIS and Defendants exchanged competing proposals before the NDCA court. *See* Exhibits B, C.

Second, addressing this fundamental dispute is important to resolving the scope of the terms. Pursuant to the NDCA court's scheduling order, the parties exchanged proposed constructions for the term "remote control" on Friday, December 15, 2023. Counsel for Defendants

proposed that the term "remote control" mean "control of another device to perform a selected action without any action by that other device's operator, where the 'selected action' cannot be sharing device location information." *See* Exhibit B. AGIS proposed that the term "remote control" receive its plain and ordinary meaning with an example of "caus[e/ing] one or more other devices to perform an action." *See* Exhibit C. AGIS also provided "[n]on-limiting examples of said action may include: execute or activate software, play audio, vibrate, change sound level, display information, report location, and report status." *Id.* At a minimum, there is a clear, substantive dispute regarding whether to introduce a negative limitation to exclude causing one or more other devices to report their locations from the scope of the term "remote control." Counsel for Defendants seek to exclude this scope to avoid infringement, and the Court should not wait until after expert reports and motion practice to resolve this dispute.

Third, there is no prejudice to Defendants on resolving a dispute limited to one term. Counsel for Defendants raised this dispute in the NDCA action, and the parties have already identified their intrinsic and extrinsic evidence with their December 15, 2023 exchange of proposals. Construction of this term will not affect the case schedule as briefing will be limited to one term, and no continuance will be necessary.

Accordingly, AGIS has demonstrated good cause for leave for supplemental claim construction on the term "remote control" of the '829 Patent, and respectfully requests the Court grant its motion.

Dated: December 19, 2023
 
Respectfully submitted,

 /s/ Vincent J. Rubino, III
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392

3

Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Enrique W. Iturralde
NY Bar No. 5526280
Email: eiturralde@ fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF AGIS SOFTWARE DEVELOPMENT LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 19, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                                    */s/ Vincent J. Rubino, III*
                                                                     Vincent J. Rubino, III

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiff has met and conferred with counsel for Defendants on December 18, 2023, and counsel for Defendants have indicated they oppose this motion.

                                                                    */s/ Vincent J. Rubino, III*
                                                                     Vincent J. Rubino, III